Cranch, J.,
delivered the opinion of the Court. This was an action of assumpsit, for goods sold and delivered by the plaintiff to the defendant. The plaintiff proved the sale and delivery of the goods, and that defendant gave the note of Clingman & Magaw, indorsed by Towers and the defendant /or the amount of the goods, payable in five months. Dunlap, to whom Johnston had indorsed the note, brought suit in Virginia against the present defendant as indorser, and failed to support his action on the note, upon the ground that an indorsee in Virginia has not a remedy upon the note against a remote indorser. The defendant then produced a bill of parcels, made out in the name of Dunlap and *259 Johnston, with a receipt given by Johnston alone for .the note of Clingman & Magaw, which, when paid, was to be in full satisfaction for the goods sold. The defendant contended that this was evidence of a joint sale, and that the promise was made to Dunlap and Johnston jointly, and therefore the form of the action had been mistaken. The Court instructed the jury, that the bill of parcels was evidence, but not conclusive evidence of a joint sale, and that the plaintiff might-produce parol or other evidence, to show that part of the goods sold was the separate property of Johnston, and that Johnston had authority from Dunlap to sell his part; and that if the jury were satisfied by the evidence that this was the real transaction, the plaintiff had a right to recover the whole amount of the goods. The plaintiff produced evidence to show that no general partnership existed between Dunlap and Johnston. That Dunlap never claimed any ownership of the sugar, and that Johnston never claimed any ownership of. the rum; and that Dunlap did not deny the right of Johnston to sell the rum.
Upon this evidence and instruction of the Court, the jury found a verdict for the plaintiff, for the whole claim, and the defendant has moved for a new trial, on the ground that the vérdict is contrary to evidence. It is the office- of the Court to decide what is evidence. But it is the province of the jury to ascertain its weight. Some evidence was offered to the jury, from which they had a right to infer a separate property in the goods, and an authority from Dunlap to Johnston to sell Dunlap’s part. It was for the jury to judge of its effect, upon a consideration of all the circumstances which'were proved. They have drawn the inference, and the Court cannot say it has been drawn improperly.
On a motion for a new trial, grounded on a defect of evidence, the Court will consider the justice and equity of the case, and if they find these to be in favor of the verdict, and if there was any evidence which could reasonably justify the inference which the jury has drawn, they will support the verdict. The objection which the defendant made, and which was grounded on the bill of parcels, did not go to the substantial merits of the case. It did not show that the defendant had discharged the debt; while it contained, in itself, the evidence that he had received the goods: The plaintiff has parted with his property; the defendant -has received it, and has not paid for it. The note, unless it produced the money, was no payment. It has not produced the money, and no negligence is imputed to plaintiff. The justice and equity of the case, therefore, are on the side of the verdict; and the Couet thinks that the jury had reasonable ground to presume the facts.necessary to support it. In refusing to grant the new trial, *260 however, the Court will annex a condition that the plaintiff shall produce and deliver, to the defendant the note of Clingman & Magaw, mentioned in the receipt upon the bill of parcels, and that Mr. Dunlap shall give the defendant a release of all demands on account of the rum, for • the price of which this action is brought. Upon these terms the Court will refuse to grant a new trial.
Reversed by the Supreme Court U. S. (3 Cranch, 311,) because the note' was outstanding when the instruction was given.